**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELE PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13 C 5891 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| CHICAGO HOUSING AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court dismisses this lawsuit in its entirety for failure to prosecute. *See* Fed.R.Civ.P. 41(b). All pending dates and deadlines are stricken and defendants' motion to dismiss [30] is denied as moot. Civil case terminated.

## STATEMENT

On August 16, 2013, pro se Plaintiff Michele Pearson filed a Complaint against Defendants Chicago Housing Authority ("CHA"), CHA employees, and other individuals alleging religious discrimination based on being a Jehovah's Witness pursuant to 42 U.S.C. § 1983. On August 29, 2013, Plaintiff filed an Amended Complaint. On December 9, 2013, the CHA filed a motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and noticed the motion for a presentment date of December 18, 2013. Plaintiff did not appear at the December 18, 2013 hearing date. In the Court's December 18, 2013 minute entry, the Court set the briefing schedule for the motion to dismiss and explained that Plaintiff's failure to respond to the motion to dismiss or appear at future hearings may result in dismissal of the case for failure to prosecute. (R. 32.) In a January 7, 2014 letter to the Court, Plaintiff explained that she never got notice of the December 18, 2013 motion hearing.

On the date that Plaintiff was to respond to the motion to dismiss, namely, January 17, 2014, instead of responding, Plaintiff filed an Amended Complaint which stated in its entirety: "This is an amended complaint." On January 22, 2014, the Court entered the following order:

> At the December 18, 2013 motion hearing in this matter, the Court entered Defendant's motion to dismiss and directed Plaintiff to file a response to the motion to dismiss by January 17, 2014. Because Plaintiff failed to appear at the December 18, 2013 motion hearing, the Court warned her that failure to respond to the motion to dismiss or appear at future hearings may result in dismissal of this case for failure to prosecute. Instead of filing a response on January 17, 2014, Plaintiff filed an Amended Complaint that consists of one sentence stating: "This is an amended complaint." The Court directs Plaintiff to file either (1) an Amended Complaint that includes allegations, or (2) a response to Defendant's

motion to dismiss on or before January 31, 2014. Plaintiff's failure to do so will result in the Court dismissing Plaintiff's case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(R. 35.)

On January 31, 2014, Plaintiff filed another Amended Complaint that states in its entirety: "This is an amended complaint: Suing for $275,000.00 and court costs (damages) to Defendant, Chicago Housing Authority and H.J. Russell Management." Plaintiff also sent a letter to the Court on January 31, 2014 explaining why she did not appear at the December 18, 2013 motion hearing. She further explains that she appeared for a January 7, 2014 status that the Court struck on December 18, 2013.

Despite Plaintiff's appearance on January 7, 2014, Plaintiff has failed to follow the Court's clear instruction that she file either (1) an Amended Complaint that includes allegations or (2) a response to Defendant's motion to dismiss. In particular, she has failed to allege any facts supporting her claim against Defendants CHA and H.J. Russell Management. Also, she has not responded to Defendant's motion to dismiss in which the CHA argues that Plaintiff's claims are untimely because the underlying conduct alleged in her August 29, 2013 Amended Complaint took place sometime in August 2010. *See Turley v. Rednour,* 729 F.3d 645, 651 (7th Cir. 2013) (Section 1983 lawsuits brought in Illinois have a two-year statute of limitations).

In any event, Plaintiff has repeatedly delayed the proceedings in this case and has not followed the Court's clear instructions on how to properly proceed. In addition, the Court has warned Plaintiff on two separate occasions that failure to appear or properly amend the allegations and/or respond to the motion to dismiss would result in dismissal of this lawsuit for failure to prosecute. Under the circumstances, the Court dismisses the present lawsuit for failure to prosecute, especially in light of the fact that Plaintiff has a similar lawsuit against the CHA and H.J. Russell Management in the Municipal Division of the Circuit Court of Cook County.[1] *See Brown v. Columbia Sussex Corp.,* 664 F.3d 182, 190 (7th Cir. 2011); *Kasalo v. Harris & Harris, Ltd.,* 656 F.3d 557, 561 (7th Cir. 2011).

Dated: February 4, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**

---

[1] The Court takes judicial notice of the Circuit Court of Cook County's docket number 2011-M1-180953, in which Plaintiff Michelle Pearson sued Defendants Chicago Housing Authority and H.J. Russell Management under the First Amendment based on her rights as a Jehovah's Witness. On March 26, 2012, the Circuit Court in 2011-M1-180953 granted Plaintiff's motion to vacate the prior order to dismiss for want of prosecution allowing Plaintiff to amend her original complaint. *See Virnich v. Vorwald,* 664 F.3d 206, 209 (7th Cir. 2011) (under Federal Rule of Evidence 201, courts can take judicial notice of state court proceedings).